Filed 3/6/15  P. v. Keehl CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Glenn)

----

| | |
|---|---|
| THE PEOPLE, | C072882 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 12SCR07799, 12NCR09327, 12NCR09336) |
| v. | |
| CHRISTOPHER LEE KEEHL, | |
| Defendant and Appellant. | |

In these consolidated proceedings, defendant Christopher Lee Keehl entered negotiated guilty pleas and was sentenced to prison.

On appeal, defendant contends (1) in case No. 12NCR09327, the trial court erred in imposing a one-year prior prison commitment enhancement (Pen. Code, § 667.5, subd. (b)) based on an allegation that was neither admitted nor proved, and (2) in case No. 12SCR07799, the one-year sentence imposed for possession of marijuana in jail (Pen. Code, § 4573.8) is unauthorized and must be reduced to eight months.  The People

1

concede both claims of error. We agree with the parties and modify the judgment accordingly.

## PROCEDURAL BACKGROUND[1]

### The Charges and Enhancement Allegations

#### Case No. 12NCR09327

In case No. 12NCR09327, defendant was charged with transporting hydrocodone (Health & Saf. Code, § 11352, subd. (a) (count I)); possessing oxycodone (Health & Saf. Code, § 11350, subd. (a) (count II)); unlawfully driving and taking a vehicle (Veh. Code, § 10851, subd. (a) (count III)); and misdemeanor receiving stolen property (Pen. Code, § 496, subd. (a) (count IV)). As to all three felony counts, it was also alleged defendant had previously been convicted of a serious or violent felony (Pen. Code, § 1170.12, subd. (a)-(d)) and that he had served a prior prison term (Pen. Code, § 667.5, subd. (b)).

#### Case No. 12NCR09336

In case No. 12NCR09336, defendant was charged with unlawfully driving and taking a vehicle. It was also alleged that defendant had previously been convicted of a serious or violent felony and that he had served a prior prison term.

#### Case No. 12SCR07799

In case No. 12SCR07799, defendant was charged with knowingly possessing marijuana while in county jail (Pen. Code, § 4573.8). It was also alleged that defendant had previously been convicted of a serious or violent felony and that he had served a prior prison term.

### The Pleas and Sentencing

Defendant entered guilty pleas in all three cases pursuant to a negotiated agreement in which he would receive a prison term of no greater than nine years.

---

[1] Because this appeal raises only sentencing issues, we dispense with reciting the facts of defendant's crimes.

In case No. 12NCR09327, defendant pleaded guilty to possessing oxycodone and unlawfully driving and taking a vehicle and admitted having previously been convicted of a serious or violent felony; the remaining counts were dismissed.

In case No. 12NCR09336, defendant pleaded guilty to unlawfully driving and taking a vehicle.

In case No. 12SCR07799, defendant pleaded guilty to possessing marijuana while in county jail.

Concerning the enhancements, the trial court clarified with counsel that defendant was admitting the strike allegation in case No. 12NCR09327 only. Later in the proceedings, the court orally dismissed all other enhancements in the three cases pursuant to the negotiated agreement.

At the sentencing hearing, the trial court imposed an aggregate prison sentence of eight years eight months in these three cases. It selected the oxycodone possession conviction in case No. 12NCR09327 as the principal term and imposed the upper term of three years, doubled the sentence by virtue of defendant's admission of a prior strike conviction, and added a one-year enhancement under Penal Code section 667.5, subdivision (b), for defendant's having served a prior prison term. In case No. 12NCR09336, the court imposed an eight-month sentence (one-third the middle term of two years) for defendant's conviction for driving and taking a vehicle, to be served consecutive to the sentence in case No. 12NCR09327. In case No. 12SCR07799, the court imposed a one-year sentence (one-third the purported middle term of three years) for defendant's conviction for possessing marijuana in county jail, to be served consecutive to the sentence in case No. 12NCR09327.

## DISCUSSION

On appeal, defendant challenges two components of his aggregate sentence.

3

## I. Unauthorized Sentence on Prior Prison Term Enhancement

At the sentencing hearing, defense counsel first told the trial court that defendant had admitted the section 667.5, subdivision (b), prior prison term allegation in case No. 12SCR07799, but then said that was not correct. The district attorney interrupted to offer his opinion about the triad for the possession of marijuana in jail charge in case No. 12SCR07799, and there was no other discussion about whether defendant had admitted the prison prior enhancement in case No. 12NCR09336.[2]

On appeal, defendant contends the court erred in imposing a one-year enhancement in case No. 12NCR09336 for his having served a prior prison term pursuant to Penal Code section 667.5, subdivision (b), because that enhancement allegation was neither admitted nor proven. The People concede the sentence on the enhancement was improperly imposed and must be stricken. We agree. As defendant neither admitted the allegation nor did the People prove it at trial, the one-year enhancement is unauthorized and must be stricken. (Cf. *People v. Scott* (1994) 9 Cal.4th 331, 354 [a sentence is unauthorized where it could not be lawfully imposed].)

## II. Unauthorized Sentence on Possession of Marijuana While in County Jail

During the sentencing on case No. 12SCR07799, the district attorney suggested that the sentencing triad for possession of marijuana in county jail was "2, 3, 4." The defense disagreed, saying it was of the belief that the triad is "16, 2, 3." The trial court said, "I think it's 2, 3 and 4, because it's in the jail. I just wanted to make sure we're all on the same wavelength there, okay." The trial court imposed one-third the midterm; thinking the midterm was three years, the court imposed the one-year sentence.

Defendant challenges the one-year term. Both parties agree this was also an unauthorized sentence, and so do we.

---

[2] The probation report indicated that the prison prior enhancement had been dismissed.

Penal Code section 4573.8 does not specify a punishment for possessing marijuana while in jail; it states only that such knowing possession constitutes a felony. When a penal statute does not specify a different punishment, the triad for imprisonment in state prison for a felony is 16 months, 2 years, or 3 years. (Pen. Code, § 18, subd. (a).) The trial court at sentencing mistakenly believed the mid-term for this offense to be three years and consequently imposed the one-year term.

An unauthorized sentence is reviewable "regardless of whether an objection or argument was raised in the trial and/or reviewing court." (*People v. Welch* (1993) 5 Cal.4th 228, 235.) Both the defendant and the People agree that we may correct this error and resentence defendant without remanding the matter to the trial court. Because it is clear the trial court intended in sentencing defendant in case No. 12SCR07799 to impose one-third the middle term, to be served consecutively, and it does not appear that on remand the trial court could restructure the aggregate sentence to achieve the total aggregate sentence it apparently intended, we will modify the sentence to comport with the correct statutory term. Thus, the sentence in case No. 12SCR07799 will be one-third of the mid-term of two years, which is eight months.

## DISPOSITION

The judgment is modified to (1) remove the one-year enhancement imposed pursuant to Penal Code section 667.5, subdivision (b), in case No. 12NCR09327, and (2) reflect a consecutive state prison sentence of eight months in case No. 12SCR07799.  As modified, the judgment is affirmed.  The superior court shall prepare an amended abstract of judgment and forward a copy to the Department of Corrections and Rehabilitation.


        MURRAY        , J.


We concur:


      MAURO        , Acting P. J.


      HOCH        , J.